# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TONYA M. SITES,**

    **Plaintiff,**

    v.                                                                             **CIVIL ACTION NO. 2:09 CV 26**
                                                                                                                   **(Maxwell)**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER

On August 4, 2010, Magistrate Judge John S. Kaull filed his Report and Recommendation in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. Defendant filed his objections on August 6, 2010. This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Kaull in his Report and Recommendation. This Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the proposed Report and Recommendation accurately reflects the law applicable to this action.

Moreover, upon consideration of the defendant's objections, the Court finds that the defendant has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his Report and Recommendation. Magistrate Kaull recommends remand of this matter for reevaluation of the April 25, 2008, assessment, entitled Medical

Source Statement of Ability to Do Work-Related Activities (Physical), completed by Dr. Masih (Tr. 468-69). Dr. Masih had written an earlier letter, which stated, "[w]ith Tayna [sic] Morales' physical and emotional disabilities will make it impossible to hold a full or part time job in the economy." (Tr. 516). The ALJ accorded Dr. Masih's letter of May 16, 2008, little weight, and Magistrate Judge Kaull recommends upholding that treatment of the May 16, 2008, letter. However, in his objections, the defendant argues that the April 25, 2008, assessment by Dr. Masih is no different than Dr. Masih's letter of May 16, 2008, and thus was properly given little weight.

As found by the Magistrate Judge's Report and Recommendation, Dr. Masih's letter of May 16, 2008, makes an impermissible administrative finding that is dispositive of the case, thus not entitled to controlling weight or special significance. *See* 20 C.F.R. § 404.1527(e). Further, as the May 16, 2008, letter was an unsupported opinion, it was properly accorded significantly less weight by the ALJ. However, the April 25, 2008, Medical Source Statement of Ability to Do Work-Related Activites (Physical) assessment did not contain a dispositive administrative finding, but instead contained Dr. Masih's medical opinion of the plaintiff's limitations. The form assessment contained check lists of the plaintiff's exertional limitations and postural limitations. Thus, the assessment contained judgments of what the plaintiff can still do despite the impairments, and what physical restrictions the plaintiff has, which are defined by the regulations as medical opinions. 20 C.F.R. § 404.1527(a)(2) The ALJ must consider medical opinions together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(b). The ALJ did consider the April 25, 2008, assessment and stated, "Dr. Masih also completed a physical residual functional capacity indicating the claimant retained the physical residual functional capacity

to perform light work." (Tr.18). However, Dr. Masih checked that the plaintiff can stand/walk "at least 2 hours in an 8-hour workday," specifically not checking that she can stand/walk "about 6 hours in an 8-hour workday." Social Security Ruling (SSR) 83-10 provides that, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Therefore, when applying the SSR 83-10 to Dr. Masih's April 25, 2008, assessment, the plaintiff cannot perform work at the light exertional level, as more fully set forth in Magistrate Judge Kaull's Report and Recommendation. Thus, the ALJ's specific reference to Dr. Masih's assessment as finding that the plaintiff has the physical residual functional capacity to perform light work was error. Accordingly, the Court agrees with the Magistrate Judge that this matter must be remanded, in accordance with the Report and Recommendation, to address this inconsistency. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report and Recommendation (Doc. 15) be, and the same hereby is, accepted and that this civil action be determined in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 13) be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 12) be, and the same hereby is, **GRANTED in part**. It is further

**ORDERED** that this matter is **REVERSED** and **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further action in accordance with

the Report and Recommendation. It is further

**ORDERED** that the Clerk of Court shall enter judgment reversing the decision of the ALJ and remanding the case to the ALJ for further proceedings; thereafter, the Clerk shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: September 3, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE